IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIAGNOSTIC CHANNEL PARTNERS, LLC, | § § | |
| PLAINTIFF, | § § | |
| V. | § § | CASE NO. 3:23-CV-1492-S-BK |
| COMMUNITY CARE PARTNERS, LLC ET AL. | § § § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 48, this case is referred to the undersigned United States magistrate judge for pretrial management. For the reasons below, *Defendants' Motion to Dismiss with Prejudice*, Doc. 56, should be **GRANTED IN PART**.

**I. BACKGROUND**

In March 2023, Plaintiff filed this civil action in Colorado state court, alleging that Defendants wrongly withheld commissions from the sale of COVID-19 test kits and asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, and unjust enrichment. Doc. 1-3, *passim*. Invoking diversity jurisdiction, Defendants removed the case to Colorado federal court. Doc. 1. Upon Defendants' unopposed motion, the Colorado federal court transferred the case to this Court. Doc. 35.

In August 2023, the Court denied a request filed by a non-lawyer, Christopher Navarro, to appoint counsel for Plaintiff, but gave Plaintiff until the following month to secure

representation.  Doc. 40.  A few days later, the Court granted Plaintiff's Colorado-licensed counsel's motion to withdraw, which cited termination of the attorney-client relationship and lack of admittance to practice before this Court.  Doc. 41.  Doc. 42.

Before the court-imposed deadline to do so, Plaintiff retained new counsel.  Doc. 43.  But that attorney moved to withdraw from this case less than three weeks later.  Doc. 44.  The Court then convened the parties, along with Navarro (Plaintiff's representative) for a hearing, at which Plaintiff's counsel's motion withdraw was granted and Plaintiff was ordered to retain new counsel by November 30, 2023.  Doc. 51.  The Court admonished Navarro that failure to do so could result in the dismissal of Plaintiff's claims.  Doc. 51.

When Plaintiff did not retain new counsel by the November 30, 2023 deadline, the Court *sua sponte* extended the deadline to December 15, 2023, "giv[ing] Plaintiff one final opportunity to retain counsel."  Doc. 52.  In so ordering, the Court stressed that it "[would] recommend that the district judge dismiss [Plaintiff's] claims against Defendants without further notice" if Plaintiff failed to comply.  Doc. 52.  Nonetheless, Plaintiff has yet to retain counsel.

## II. APPLICABLE LAW AND ANALYSIS

"If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b).  The rule further provides that "[u]nless the dismissal order states otherwise," a Rule 41(b) dismissal "operates as an adjudication on the merits." FED. R. CIV. P. 41(b).  This authority stems from the "court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Whether to dismiss under Rule 41(b) is left to the district court's discretion, however, whether to dismiss with prejudice is limited to a narrow set of circumstances. *See Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 407 (5th Cir. 2008) (per curiam) (finding that a dismissal with prejudice is "typically reserved for the most flagrant abuses" and the district court's discretion is more closely managed under Rule 41(b) than in other contexts because "this sanction forever deprives the litigant of the opportunity to pursue [his] claim."). A court should generally not dismiss an action with prejudice "where a plaintiff has failed only to comply with a few court orders or rules." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 n.6 (5th Cir. 1992) (citations omitted). Essentially, dismissal with prejudice is appropriate only in "cases where the plaintiff's conduct has threatened the integrity of the judicial process, . . . leaving the court no choice but to deny the plaintiff its benefits." *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982).

Under the facts and circumstances presented here, dismissal is clearly warranted. Plaintiff has repeatedly failed to comply with the Court's directives to retain counsel, despite explicit warnings that this case could be dismissed for noncompliance. However, considering the nature of Plaintiff's noncompliance, to-wit, the failure to obtain counsel, and the relative infancy of the case, the Court determines that dismissal without prejudice is appropriate. In so concluding, the Court has also considered the recent, flawed attempt by Christopher Navarro to voluntarily dismiss this action on behalf of Plaintiff. Doc. 53. As Navarro has been repeatedly admonished, only licensed counsel can represent the corporate Plaintiff in this civil action.

### III. CONCLUSION

For the foregoing reasons, *Defendants' Motion to Dismiss with Prejudice*, Doc. 56, should be **GRANTED IN PART**, to the extent that this case should be **DISMISSED WITHOUT PREJUDICE**.[1]

**SO RECOMMENDED** on January 11, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[1] A dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case. *Boazman v. Economics Lab'y, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). It is unclear whether the statute of limitations on Plaintiff's claims—breach of contract; breach of the implied covenant of good faith and fair dealing; and unjust enrichment—has expired. *See* TEX. CIV. PRAC. & REM. CODE § 16.051 (four-year limitations period for breach of contract); *Elledge v. Friberg–Cooper Water Supply Corp.*, 240 S.W.3d 869, 871 (Tex. 2007) (per curiam) (two-year limitations period for unjust enrichment ); *Wilson v. John Daugherty Realtors, Inc.*, 981 S.W.2d 723, 727 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (two-year limitations period for breach of implied covenant of good faith and fair dealing).